Burton, J.,
delivered the opinion of the court.
This bill was filed on the 27th day of November, 1866, and alleges that Martin J. Fisher died intestate in the county of Decatur, in October, 1892, leaving surviving, his widow, the defendant Lucinda, and Sophronia, Samuel, Elizabeth and Wade Fisher, his *491 only children and heirs-at-law. These last four defendants were all minors.
The complainants further allege that they have been appointed administrators of said estate and that they had exhausted the personalty in the payment of debts, and that there were various other bona fide debts outstanding against the estate, and that there was no personalty to pay them. They state further, that the personal assets which came to their hands to be administered “from all sources only amounts to $2,723.30, and the debts against the estate now presented for payment amount to $9,143.18 as appeared from exhibits here filed and marked W. and G.”
We remark here that when we turn to these exhibits we find that it simply contains the words and figures following: “Amount of personal assets $3,723.30; amount of outstanding debts '$9,143.18.” Endorsed, “filed November 27, 1866. D. B. Timberlake, C. and M.” This is the whole of the exhibit.
The bill proceeds to allege that the testator died seized of large real estate, and prays for a sale of the lands to pay debts and for distribution. This bill is not verified by affidavit. At the next term of the court process having been served on the minors, a guardian ad litem is appointed for them, who answers on the next day, and on the same day there is an order of referencé to ascertain and report what amount of personalty went into the hands of the administrators, and if the same has been expended or is insufficient to pay the debts against the estate, and as to whether or not it will be necessary to sell the *492 realty to pay the indebtedness, and he is directed to report to that term of the court. The clerk reports instanter that $3,723.30 of assets came to the hands of the administrator, and that there had then been presented $9,143.18 of indebtedness against said estate. That the personal estate was insufficient to pay the debts, and that it was necessary to sell the real estate to pay the debts. On the same day on which this report was made, there was a decree of the court confirming .it, and ordering all the lands belonging to this estate to be sold.
The first question made on behalf of these minor heirs is, whether this sale of their lands is valid. It will be perceived that the bill is not filed as an insolvent bill, but the order of reference contemplates proceeding under sections 2267-8 providing for the payment of debts when the personal estate has been exhausted, leaving debts of the intestate unpaid. In which case after these facts are made to appear to the satisfaction of the court it may order the sale of so much and such part of the lands descended as may be sufficient to satisfy the debts set forth in the bill and shown to exist. The report, however, contemplates or seems to contemplate, a case arising under section 2388 of the Code, which provides in substance that when it is ascertained by the report of the clerk and master that the personal estate is insufficient, and on the confirmation of the report by the court, then the court shall direct the real estate or so much thereof to be sold as will be necessary to pay the debts. And the decree proceeds upon the assumed *493 existence of the state of facts provided for in the section of the Code last referred to. We do not think it important whether this proceeding is taken to be under the one or the other of the statutory-provisions above referred to. In either case the decree for sale of the land must be preceded by a report ahowing the amount and value of the assets which the administrator has received or ought to have received, and also the amount and bona Jides of the debts of the estate, for in no other way could it appear whether in the one case debts remain after exhausting the personalty, or in the other, whether the personal assets were sufficient to pay the debts wdthout resorting to the land.
It has been held by this court in construing the insolvent laws, that a sale made before an account and report of deficiency of personal assets and a confirmation thereof by the court was utterly void, and that a subsequent report and confirmation thereof could not validate it. 1 Swan, 75. We are satisfied that there was no such report here as is contemplated by the statute, nevertheless a report was made, and confirmed by the court.
This report does not profess to be based upon any testimony whatever. In the foregoing part of this opinion we have copied the exhibit marked “W and G” for the purpose of calling attention to the fact that it is patent on the face of their report that it is made alone upon the exhibit-. It adopts the exact amounts shown in the .exhibit both as , to the assets of the estate and to debts outstanding against *494 it. No evidence is offered of the character of the personal estate, nor of the amount or bona Jides of the debts, but both assets and debts are put down in a lumping way unsupported by a scintilla of proof,, and specifying no debt whatever. Indeed it is shown in a subsequent part of these very irregular proceedings that the estimate of debts at least is inaccurate, for they are swelled by a subsequent report to more than $16,000, and what became of the assets reported nowhere appears. We are constrained to say that the sales made of these minors’ lands under this decree is utterly void, and it follows of course that all the decrees vesting titles in the purchasers are void, and these minor’s are entitled to be restored to possession.
At a subsequent term of the court the special Chancellor conceived that this was an insolvent estate and ordered of his own motion that the administration of the estate be removed from the County Court into the Chancery Court. In the first place we remark that if the administration of this estate ever was commenced in the County Court, this record offers no evidence of it. The statutes for the administration of insolvent estates positively prohibit an executor or administrator from paying any debts of deceased until after the expiration of six months from the grant of letters testamentary or administration under the penalty should the estate prove insolvent, of being liable to each and every creditor for his rateable share of the insolvent estate. But when the personal representative ascertains that the estate committed to his charge is insolvent, he shall make sug *495 gestions thereof to the clerk of the County Court. Any creditor of deceased may also make the suggestion under the penalty of paying all the costs resulting therefrom should it turn out that the suggestion is falsely and fraudulently made. A further provision of the law is, that an insolvent bill in chancery may be filed at any time after the estate is reported insolvent to the County Court.
Now, there is no pretence in this record that any suggestion of the insolvency of the- estate was ever made to the County Court, and we have already seen' that the bill of the administrators was not framed as an insolvent bill, nor does it set forth the facts positively inquired to be set forth in such bill.
Under this state of facts, the order of the special Chancellor directing the estate to be wound up as an insolvent estate, in that court, was irregular and unauthorized, and the notice to the creditors to come forward and file their claims, was nugatory and did not make them parties to the proceeding. In this view of the case we deem it • unnecessary to notice further the many irregularities in the very voluminous record of proceedings in this cause.
■We are satisfied that this bill and proceedings ought not to have been retained for any purpose, and' that all the orders and decrees made in the progress of it should be reversed and revoked, and the bill dismissed at the cost of these administrators, to be levied of their own individual goods, chattels, lands and tenements, and not of those of their intestate. Let a decree be entered accordingly.